# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1063
_____

United States of America

*Plaintiff - Appellee*

v.

Bria Daudinot

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 25, 2015
Filed: January 8, 2016
[Published]

_____

Before RILEY, Chief Judge, BRIGHT and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Appellant-defendant Bria Daudinot (Daudinot) pled guilty to aiding-and-abetting bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a).  Daudinot appeals

her 97-month Guideline sentence, contending the district court[1] clearly erred by finding it "reasonably foreseeable" to Daudinot that Daudinot's codefendant would use a firearm during the bank robbery. We reject that claim and affirm.

## I. BACKGROUND

This case arose from a series of bank robberies committed by Javon Dockery (Dockery)—Daudinot's boyfriend and codefendant. After Dockery committed a bank robbery in which Daudinot was uninvolved, the media displayed images of Dockery aiming a firearm at a bank teller. Daudinot admitted to seeing the images prior to the events at issue in this case.

On June 26, 2014, Daudinot drove Dockery to a bank. Daudinot parked the car in an alley near the bank and Dockery informed Daudinot he intended to rob the bank. Dockery entered the bank and threatened bank tellers and customers with a firearm. The bank tellers handed Dockery money and Dockery returned to the vehicle. Daudinot drove away, attempting to avoid police. Police eventually apprehended Daudinot and Dockery.

A grand jury indicted Daudinot with one-count of bank robbery and aiding-and-abetting bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a). Daudinot pled guilty.

Prior to sentencing, a probation officer issued a presentence report (PSR) recommending a six-level enhancement for a firearm "otherwise used" in a bank robbery pursuant to U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2B3.1(b)(2)(B). Daudinot objected to the firearm enhancement, but again conceded she saw images of Dockery using a firearm in a prior bank robbery.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

The district court adopted the PSR's advisory Guideline range—including the firearm enhancement—and sentenced Daudinot to 97-months' (approximately 8 years') imprisonment. The district court set forth two reasons for its application of the section 2B3.1(b)(2)(B) enhancement: (1) "bank robbers in general use firearms"; and (2) "it was foreseeable to [Daudinot] because her codefendant had used a firearm in a prior bank robbery and [Daudinot] was aware of it."

Daudinot appeals, arguing the district court clearly erred when finding Daudinot's codefendant's use of a firearm was reasonably foreseeable to Daudinot.

## II. DISCUSSION

The sole issue on appeal is whether the district court clearly erred in imposing an upward adjustment under U.S.S.G. § 2B3.1(b)(2)(B) for Daudinot's codefendant's use of a firearm during the bank robbery. The issue hinges on whether Daudinot's codefendant's use of a firearm was "reasonably foreseeable" to Daudinot. A review of the record substantiates the district court's decision.

The advisory Guidelines authorize Daudinot's culpability for "all reasonably foreseeable acts . . . of others in furtherance of a jointly undertaken criminal activity." United States v. Jourdain, 433 F.3d 652, 658 (8th Cir.) (alteration in original) (quoting U.S.S.G. § 1B1.3(a)(1)(B)), cert. denied, 547 U.S. 1139 (2006). This includes a firearm enhancement when "a firearm was otherwise used" in furtherance of a robbery. U.S.S.G. § 2B3.1(b)(2)(B). We review "[w]hether a co-conspirator's actions were reasonably foreseeable . . . for clear error." United States v. Jackson, 419 F.3d 839, 843 (8th Cir.), cert. denied, 546 U.S. 1081 (2005).

In Jackson, we held a coconspirator's "threat of death" to a bank teller was "reasonably foreseeable" to Jackson. Id. at 843. We reasoned the threats were "reasonably foreseeable" because Jackson knew her coconspirator intended to rob the

bank and, in light of past threats made by the coconspirator to Jackson, Jackson knew her coconspirator may resort to violence. Id. Similarly, Daudinot knew Dockery intended to rob the bank and, in light of Dockery's previous use of a firearm in a bank robbery, that Dockery may use a firearm. Therefore, the district court did not clearly err when applying the section 2B3.1(b)(2)(B) firearm enhancement.

To support her argument that Dockery's use of a firearm was not "reasonably foreseeable," Daudinot cites United States v. Atwater, 272 F.3d 511 (7th Cir. 2001). But Atwater is inapplicable. There, the Seventh Circuit reversed the district court when the district court only justified its application of the firearm enhancement by finding the use of a firearm during a bank robbery was "sort of a given." Id. at 512. Here, the district court's reliance, in part, on Daudinot's knowledge of Dockery's past use of a firearm in a bank robbery sufficiently supported the section 2B3.1(b)(2)(B) firearm enhancement. Accordingly, we AFFIRM.

_____